# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

In re HALL'S QUALITY MASONRY, INC., )    Case No. 07-62277
                                    )
               Debtor,              )
_____   )
                                    )

## MEMORANDUM AND ORDER

This matter comes before the Court on an objection to a motion for compensation by the Debtor's counsel.

### *Facts*

On November 30, 2007, the Debtor filed a chapter 11 petition. A plan was confirmed. Post-petition the Virginia Employment Commission ("VEC") asserted an administrative claim in the total amount of $6,332.42. No party objected to the claim.

Counsel for the Debtor filed an application for compensation in the amount of $16,431.56 ($16,336.00 in fees and $95.56 in costs). The fees and costs also constitute an administrative claim against the estate. VEC filed an objection to the application asserting that it would be unfair if VEC was not paid in full before counsel for the Debtor received any payment. VEC raised no objection to the quality or cost of the services rendered by counsel to the Debtor.

There remains only $5,000.00 to pay the administrative claims of VEC and the Debtor's counsel.

### *Discussion*

Where the funds remaining in a bankruptcy estate are insufficient to satisfy all of the claims of a particular class, the funds are to be divided among the claimants of the class on a pro rata basis.

1

<u>See</u> <u>In re JKJ Chevrolet</u>, 26 F.3d 481 (4th Cir. 1994).    VEC acknowledges that it shares the same priority of payment of the amounts due to the VEC as the attorney's fees and costs due to Debtor's counsel.  Both VEC and Debtor's counsel are entitled to priority as administrative expenses.  <u>See</u> 11 U.S.C. § 507(a)(2).   VEC is entitled to no more that its pro rate share of the $5,000.00

VEC cites <u>In re Western Farmers Ass'n</u>, 13 B.R. 132, 135 (Bankr. W.D. Wash. 1981) for the proposition that expenses of administration incurred in the ordinary course of the debtor-in-possessions's business operation may be paid before another administrative expense.   In that opinion, the Court noted that under the Bankruptcy Act of 1898 some Courts had allowed certain administrative expenses to be paid chronologically before other administrative expenses.  The Court in <u>Western Farmers</u>, however, went on to note that in those cases under the 1898 Act, the Courts found that the record indicated that at the time of payment there was no indication that there would not be sufficient funds to pay all administrative expenses in full.  The Court concluded that "when a debtor's assets may not be sufficient to pay all expense of administration in full, it is improper, except as indicated below, to pay one such expense during the progress of the case and to defer payment of another expense of the same class to a later time."  <u>Western Farmers</u>, 13 B.R. at 135. Thereafter, the court indicated that it would permit the debtor-in-possession to pay certain expenses, such as salaries and utilities, as they arise because to do otherwise would prevent the chapter 11 process from working.  But the Court in <u>Western Farmers</u> was discussing the timing of payments to administrative claimants, not the priority of those payments.  In this case, it is only the priority of payments that is at issue.

As the Court in JKJ Chevrolet noted,

. . . If there are insufficient funds in the estate to pay all of the allowed administrative expenses, the trustee [as an administrative claimant] will not be paid in full, but will be

required to share the funds of the estate on a pro rata basis with the other administrative claimants.

JKJ Chevrolet, 26 F.3d at 485.

There remains only $5,000.00 to pay the administrative claims of VEC and the Debtor's counsel pro rata. The Debtor's counsel shall receive $3,609.11 (= $5,000.00 [$16,431.56/ ($16,431.56 + $6,332.42)]). VEC shall receive $1,390.89 (= $5,000.00 [$6,332.42/($16,431.56 + $6,332.42)]).

### ORDER

The objection of the Virginia Employment Commission is overruled. The $5,000.00 remaining in the Debtor's estate shall be distributed as follows: the Debtor's Counsel shall receive $3,609.11; the Virginia Employment Commission shall receive $1,390.89.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Gerald W. S. Carter, Esq., and Shreen N. Mahmnoud, Esq.

Entered on this  17th  day of October, 2008.

William E. Anderson
United States Bankruptcy Judge